UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**West Palm Beach Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>GINN-LA ST. LUCIE LTD., LLLP, *et al.*,<br><br>                Debtors.<br>_____/<br><br>In re:<br>GINN-LA QUAIL WEST LTD., LLLP, *et al.*,<br><br>                Debtors.<br>_____/<br><br>DREW M DILLWORTH, Chapter 7 Trustee,<br><br>                Plaintiff,<br><br>       vs.<br><br>EDWARD R. GINN III, et al.,<br><br>                Defendants.<br>_____/ | **CASE NO. 08-29769-PGH**<br>All Cases Jointly Administered<br><br>Chapter 7<br><br>(4 Cases Substantively Consolidated Under<br>Lead Case No. 08-29769-PGH)[1]<br><br>(3 Cases Substantively Consolidated Under<br>Lead Case No. 08-29774-PGH)[2]<br><br><br>**ADV. PRO. NO. 10-02976-PGH** |

**TRUSTEE DILLWORTH'S NOTICE OF FILING
LETTER SENT TO LUBERT-ADLER FUND III & IV INVESTORS
PROPOSING AMNESTY PROGRAM
IN CONNECTION WITH FRAUDULENT TRANSFERS**

Drew M. Dillworth ("Trustee Dillworth"), in his capacity as Chapter 7 Trustee for the Tesoro and Quail West Debtors' Estates, hereby files the attached letter dated August 25, 2010, which is being mailed today to the Lubert-Adler Fund III & IV Investor Defendants.

---

[1] The "Tesoro Debtors' Estates" (Nos. 08-29769-PGH, 08-29770-PGH, 08-29772-PGH, and 08-29773-PGH) are substantively consolidated into Lead Case No. 08-29769-PGH. *See* Order [D.E. 308/309]. The "Tesoro Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA St. Lucie Ltd., LLLP – 5632; (ii) Ginn-St Lucie GP, LLC – 0983; (iii) Tesoro Golf Club Condo., LLC – 4385; and (iv) The Tesoro Club, LLC – 1917. *See* 11 U.S.C. § 342(c)(1).

[2] The "Quail West Debtors' Estates" (Nos. 08-29774-PGH, 08-29775-PGH, and 08-29776-PGH) are substantively consolidated into Lead Case No. 08-29774-PGH. *See* Order [D.E. 34]. The "Quail West Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA Quail West Ltd., LLLP – 2397; (ii) Ginn-Quail West Beach, LLC – 9142; and (iii) Ginn-Quail West GP, LLC – 6313. *See* 11 U.S.C. § 342(c)(1).

-2-

The following Lubert-Adler Fund III & IV Investor Defendants have been excluded from the mailing and the proposed Amnesty Program offered therein:

Lubert-Adler Group III, L.P.
Lubert-Adler Group IV, L.P.
Ira M. Lubert (Lubert-Adler Founder)
Dean S. Adler (Lubert-Adler Founder)
Dan Nasser (Lubert-Adler Principal)
Jared Prushansky (Lubert-Adler Principal)
Joseph P. Fahey (Lubert-Adler Principal)
Pennock J. Yeatman IV (Lubert-Adler Principal)
Stuart A. Margulies (Lubert-Adler Principal)

The proposed Amnesty Program, and any acceptances thereof, are expressly contingent upon Bankruptcy Court approval, which will be sought promptly after the specified deadline for delivering acceptances has passed.

-2-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

Dated: August 26, 2010

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
  ALHADEFF & SITTERSON, P.A.

Attorneys for Drew M. Dillworth,
Chapter 7 Trustee of the Tesoro Debtors' Estates
and the Quail West Debtors' Estates

Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

I hereby certify that I am admitted to the Bar of
the United States District Court for the Southern District
of Florida and I am in compliance with the additional
qualifications to practice in this Court set forth in
Local Rule 2090-1(A).

By:_____/s/_____
    EUGENE E. STEARNS
    Fla. Bar No. 149335
    estearns@stearnsweaver.com
    HAROLD D. MOOREFIELD, JR.
    Fla. Bar No. 239291
    hmoorefield@stearnsweaver.com
    MATTHEW W. BUTTRICK
    Fla. Bar No. 176028
    mbuttrick@stearnsweaver.com
    ANDREW E. STEARNS
    Fla. Bar No. 661651
    astearns@stearnsweaver.com

**DREW M. DILLWORTH**
BANKRUPTCY TRUSTEE
SOUTHERN DISTRICT OF FLORIDA
150 WEST FLAGLER STREET, SUITE 2200
MIAMI, FLORIDA 33130

_____

TELEPHONE: (305) 789-3598 ● FACSIMILE: (305) 789-3395

August 25, 2010

**PROPOSAL FOR AMNESTY
IN CONNECTION WITH FRAUDULENT TRANSFERS**

[Lubert-Adler Fund III/IV Investor]
[Address]

Re:  *In re Ginn - LA St. Lucie Ltd., LLLP, et al.,* Debtors
     Chapter 7 Case No. 08-29769-PGH (Bankr. S.D. Fla.)
     Jointly Administered With No. 08-29774-PGH (Bankr. S.D. Fla.)

     *Drew M Dillworth, Chapter 7 Trustee v. Edward R. Ginn, III, et al.,*
     Adv. Pro. No. 10-02976-PGH (Bankr. S.D. Fla.)

Dear Sir or Madam:

The Office of the United States Trustee, an arm of the Department of Justice, has appointed me to serve as the Chapter 7 Trustee for seven bankrupt entities formerly owned and controlled by Edward R. "Bobby" Ginn III and the Lubert-Adler equity funds known as Funds III and IV.

The seven bankrupt entities I represent – the "Tesoro Debtors" and the "Quail West Debtors" – are the project-level entities which were created to develop the luxury residential communities known as Tesoro and Quail West, located in Port St. Lucie and Naples, Florida, respectively. Each failed following a Credit Suisse loan transaction involving a novel syndicated loan product which offered owners of high-end developments the opportunity to "take their profits up front," but which left the developments much too thinly capitalized to survive.

My investigation has determined that Ginn and Lubert-Adler took $148,828,198 of loan proceeds which the Tesoro and Quail West Debtors were credited with having borrowed, and distributed it to themselves and the Fund III and IV Limited Partners as "return of capital," "interest," "preferred return," and "profits"; all at a time when real estate markets were collapsing and it was uncertain whether *any* return of capital – much less profits – would ultimately be realized.

August 25, 2010
Page 2 of 3

My purpose in writing to you today is to propose what amounts to an Amnesty Program in connection with the Adversary Proceeding recently initiated against Ginn, Lubert-Adler, and the Fund III and IV Limited Partners, relating to the Credit Suisse loan transaction. In that Adversary Proceeding, I am seeking to "avoid" (*i.e.*, undo), as fraudulent, the transfers of the $148,828,198 of loan proceeds referenced above, which were taken out and distributed as "return of capital," "interest," "preferred return," and fictitious "profits."

Although Lubert-Adler has, to date, refused to disclose the precise amount each Limited Partner received in connection with the distribution of that $148,828,198, it is my understanding that each Limited Partner received a pro-rata "share" of those proceeds, depending on its investment. In my view, those monies were wrongfully paid, and expose the Limited Partners to fraudulent transfer liability.

By this point, you should have received a Summons and other related papers filed/issued in that proceeding, including a copy of my Second Amended Complaint dated August 12, 2010. That Complaint added each of the Lubert-Adler Fund III and IV Limited Partners as Defendants, and quotes from damaging internal documents we recently obtained relating to the procurement of the loans and the fraudulent nature of the transfers at issue (*see* p. 34-42).

For a point of reference, the claims I am prosecuting in that proceeding are akin to those asserted in the much-publicized Yellowstone Mountain Club bankruptcy proceeding, which also involves the same Credit Suisse loan product. In that case, just last week, the presiding Bankruptcy Judge issued a lengthy decision avoiding, as fraudulent, a transfer of $209 million in loan proceeds which the former owner of the development had taken out and distributed to himself and others. A copy of the decision may be obtained through the Court, http://www.mtb.uscourts.gov, or through the "New West Development" site, at http://www.newwest.net/pdfs/575.pdf.

My proposed Amnesty Program is designed to reduce the administrative burdens inherent in prosecuting an Adversary Proceeding against large numbers of Defendants. In this case, because the Fund III and IV Limited Partners number in the hundreds, the prosecution of the claims asserted will necessarily impose significant burdens on both the parties and the Court. I believe I have a duty to seek to mitigate those burdens, if possible. Hence, this letter.

While Lubert-Adler has not yet disclosed the precise amount(s) each Limited Partner received in connection with the distribution of Credit Suisse loan proceeds, it would appear that there are a significant number of Limited Partners whose distributed "share" of the $148,828,198 -- what I refer to as each Limited Partner's "TQW Share" -- amounted to $500,000 or less. In order to streamline the case, I will agree to forego my claims against any such Limited Partner who agrees to remit 50% of its TQW Share, for the benefit of the Debtors' Estates.

*Example*: If you are a Fund III Limited Partner, and the distribution you received in June 2006 relating to the Tesoro and Quail West Projects amounted to $250,000, I will forego the claims I have against you in exchange for payment of $125,000, for the benefit of the Debtors' Estates.

August 25, 2010
Page 3 of 3

This offer will remain open until September 23, 2010. If you wish to accept it, you must notify me, in writing, on or before that date.

For obvious reasons, I would encourage you to review both the Second Amended Complaint, and this offer, with an attorney.

Because we are in Bankruptcy Court, this offer, and any acceptance thereof, is contingent upon Court approval, which will be sought promptly after the deadline indicated above has passed. Pending receipt of such approval, any Limited Partner who gave timely acceptance will be granted an extension of all pleading or discovery deadlines, so it will not have to incur further expenses in defending the lawsuit.

Upon receipt of Court approval, any Limited Partner who gave timely acceptance and remits 50% of its TQW Share will be absolved of any further liability to the Debtors' Estates.

It is my intention to structure the arrangement to be submitted to the Bankruptcy Court for approval so as to preserve my ability to pursue a claim against Lubert-Adler for the other 50% of your TQW Share. The arrangement will also be structured so as to preserve any claims you may have against Lubert-Adler for exposing you to fraudulent transfer liability.

If you are uncertain whether your TQW Share amounted to $500,000 or less, I suggest that you contact Lubert-Adler directly, at info@lubertadler.com or (215) 972-2200.

If you have other questions concerning this offer, please contact one of the following attorneys, who, along with Eugene E. Stearns, Esq., have been appointed as my Special Litigation Counsel in connection with this matter:

| | |
|---|---|
| Matthew W. Buttrick, Esq. | Andrew E. Stearns, Esq. |
| mbuttrick@stearnsweaver.com | astearns@stearnsweaver.com |
| (305) 789-3283 | (305) 789-3412 |

Sincerely,

Drew M. Dillworth, Chapter 7 Trustee
for the Tesoro Debtors' Estates
and the Quail West Debtors' Estates