## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

In re:

GINN-LA ST. LUCIE LTD., LLLP, *et al.*,

        Debtors.

_____/

In re:

GINN-LA QUAIL WEST LTD., LLLP, *et al.*,

        Debtors.

_____/

DREW M. DILLWORTH, Chapter 7 Trustee,

        Plaintiff,

        vs.

EDWARD R. GINN III, *et al.*,

        Defendants.

_____/

**CASE NO. 08-29769-PGH**
(Jointly Administered)

Chapter 7

(4 Cases Substantively Consolidated Under Lead Case No. 08-29769-PGH)[1]

(3 Cases Substantively Consolidated Under Lead Case No. 08-29774-PGH)[2]

**ADV. PRO. NO. 10-02976-PGH**

## <u>ANSWER TO THIRD AMENDED COMPLAINT</u>

---

[1] The "Tesoro Debtors' Estates" (Nos. 08-29769-PGH, 08-29770-PGH, 08-29772-PGH, and 08-29773-PGH) are substantively consolidated into Lead Case No. 08-29769-PGH. The "Tesoro Debtors" and the last four digits of their respective tax identification numbers are: (i) Ginn-LA St. Lucie Ltd., LLLP – 5632; (ii) Ginn-St. Lucie GP, LLC – 0983; (iii) Tesoro Golf Club Condo, LLC – 4385; and (iv) The Tesoro Club, LLC – 1917.

[2] The "Quail West Debtors' Estates" (Nos. 08-29774-PGH, 08-29775-PGH, and 08-29776-PGH) are substantively consolidated into Lead Case No. 08-29774-PGH. The "Quail West Debtors" and the last four digits of their respective tax identification numbers are: (i) Ginn-LA Quail West Ltd., LLLP – 2397; (ii) Ginn-Quail West Beach, LLC – 9142; and (iii) Ginn-Quail West GP, LLC – 6313.

Washington University in St. Louis ("Defendant") hereby responds to the Third Amended Complaint for Avoidance and Recovery of Fraudulent Transfers (the "Complaint"), filed by Plaintiff Drew M. Dillworth ("Trustee Dillworth") on December 30, 2010, as follows:

1.      Paragraph 1 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, but admits that, on information and belief, funds known as Lubert-Adler Real Estate Fund III, L.P., Lubert-Adler Real Estate Parallel Fund III, L.P., and Lubert-Adler Capital Real Estate Fund III, L.P. (collectively, the "Lubert-Adler Fund III Entities") and Lubert-Adler Real Estate Fund IV, L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P., and Lubert-Adler Capital Real Estate Fund IV, L.P (collectively, the "Lubert-Adler Fund IV Entities") owned certain assets affiliated with the Tesoro and Quail West Projects.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      Defendant admits that Hurricane Wilma struck Florida during the latter part of October 2005.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.      Defendant states that the Partial & Interim Order and Memorandum of Decision speak for themselves as to their content.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6.      Defendant states that the Partial & Interim Order and Memorandum of Decision speak for themselves as to their content.  Defendant further states that the loan transaction documents are written documents that speak for themselves as to their content, and otherwise denies

the allegations in paragraph 6 to the extent they are inconsistent with the written loan transaction documents.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

7.      Defendant denies the allegations in paragraph 7 to the extent they relate directly to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Defendant denies the allegations in paragraph 9 to the extent they relate directly to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10.      Paragraph 10 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      Paragraph 11 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.      Paragraph 12 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.      Paragraph 13 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     Denied.

15.     Defendant admits that the Debtors filed petitions under Chapter 7 of the Bankruptcy Code on or about December 23, 2008.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16.     Admitted.

17.     Admitted.

18.     Paragraph 18 states a request for relief by Trustee Dillworth and requires no response. To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

19.     Paragraph 19 states a request for relief by Trustee Dillworth and requires no response. To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

## JURISDICTION AND VENUE

20.     Paragraph 20 states legal conclusions as to which no response is required.  To the extent any response is required, Defendant admits that the adversary proceeding is a core proceeding.

21.     Paragraph 21 states legal conclusions as to which no response is required.  To the extent any response is required, Defendant admits that the Court has jurisdiction over this action and that venue is proper.

## PARTIES

**A.     The Plaintiff**

22.     Admitted.

**B.     The Ginn Defendants**

4

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Paragraph 24 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     Paragraph 25 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Paragraph 26 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     Paragraph 27 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Paragraph 28 requires no response.

**C.     The Lubert-Adler Defendants**

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Paragraph 32 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant admits that Lubert-Adler Management Co., L.P., d/b/a/ Lubert-Adler Partners, L.P., provides management services to the Lubert-Adler Fund III Entities and Lubert-Adler Fund IV Entities, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

33.     Paragraph 33 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Paragraph 34 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Paragraph 35 requires no response.

**D.      The Lubert-Adler Fund III Investors**

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38.

39.     Paragraph 39 requires no response.

**E.**     **The Lubert-Adler Fund IV Investors**

40.     Defendant admits that it is an investor in Lubert-Adler Real Estate Fund IV, L.P. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     Paragraph 43 requires no response.

**F.**     **Basis for Inclusion as Defendants**

44.     Paragraph 44 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 44 to the extent they relate directly to Defendant and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44.

**G.**     **"John Doe" Defendants**

45.     Paragraph 45 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     Paragraph 46 states a potential request for relief by Trustee Dillworth and requires no response.  To the extent that any response is required, Defendant reserves the right to object to any such request by Trustee Dillworth.

**H.**     **Joinder**

47.     Paragraph 47 states legal conclusions as to which no response is required.  To the extent any response is required, Defendant takes no position on whether joinder is proper at this time.

## GENERAL ALLEGATIONS OF TRUSTEE DILLWORTH

**A.     The Ginn/Lubert-Adler Development Known as Tesoro**

48.     Defendant admits that Tesoro is a development of roughly the size and geographical location alleged in paragraph 48.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

**B.     Quail West**

52.     Defendant admits that Quail West is a development of roughly the size and geographical location alleged in paragraph 52.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

**C.     The Original Financing Plan and the Impact of Hurricane Wilma**

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     Defendant admits that Hurricane Wilma struck Florida during the latter part of October 2005.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

**D.      The Credit Suisse Loan Transaction**

65.     Defendant states that the loan transaction documents are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 65 to the extent

they are inconsistent with the written loan transaction documents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65.

66.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.    Defendant states that the First Lien Credit Agreement and Second Lien Credit Agreement are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 68 to the extent they are inconsistent with the written First Lien Credit Agreement and written Second Lien Credit Agreement.

69.    Defendant states that the First Lien Credit Agreement is a written document that speaks for itself as to its content, and otherwise denies the allegations in paragraph 69 to the extent they are inconsistent with the written First Lien Credit Agreement.

70.    Defendant states that the Second Lien Credit Agreement is a written document that speaks for itself as to its content, and otherwise denies the allegations in paragraph 70 to the extent they are inconsistent with the written Second Lien Credit Agreement.

71.    Defendant states that the First Lien Credit Agreement, Second Lien Credit Agreement, First Lien Subsidiary Guaranty, and Second Lien Subsidiary Guaranty are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 71 to the extent they are inconsistent with the written First Lien Credit Agreement, written Second Lien Credit Agreement, written First Lien Subsidiary Guaranty, and written Second Lien Subsidiary Guaranty. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71.

72.     Defendant states that the First Lien Subsidiary Guaranty and Second Lien Subsidiary Guaranty are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 72 to the extent they are inconsistent with the written First Lien Subsidiary Guaranty and written Second Lien Subsidiary Guaranty.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72.

73.     Defendant states that the First Lien Credit Agreement and the Second Lien Credit Agreement are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 73 to the extent they are inconsistent with the written First Lien Credit Agreement and written Second Lien Credit Agreement.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73.

74.     Defendant states that the First Lien Subsidiary Guaranty, Second Lien Subsidiary Guaranty, First Lien Mortgage, Second Lien Mortgage, First Lien Security Agreement, Second Lien Security Agreement, First Lien Assignments of Rents and Leases and Fixture Filing, and Second Lien Assignments of Rents and Leases and Fixture Filing are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 74 to the extent they are inconsistent with the written First Lien Subsidiary Guaranty, written Second Lien Subsidiary Guaranty, written First Lien Mortgage, written Second Lien Mortgage, written First Lien Security Agreement, written Second Lien Security Agreement, written First Lien Assignments of Rents and Leases and Fixture Filing, and written Second Lien Assignments of Rents and Leases and Fixture Filing.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74.

75.     Defendant states that the loan transaction documents are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 75 to the extent

they are inconsistent with the written loan transaction documents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75.

      **E.**      **The Uses of the Credit Suisse Loan Proceeds**

      76.      Defendant states that the First Lien Credit Agreement and the Second Lien Credit Agreement are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 76 to the extent they are inconsistent with the written First Lien Credit Agreement and written Second Lien Credit Agreement.

      77.      Defendant states that the First Lien Credit Agreement and the Second Lien Credit Agreement are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 77 to the extent they are inconsistent with the written First Lien Credit Agreement and written Second Lien Credit Agreement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77.

      78.      Defendant states that the loan transaction documents are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 78 to the extent they are inconsistent with the written loan transaction documents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78.

      79.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

      **F.**      **How the Loan Proceed Distributions to Insiders Were Debited and Credited Among the Project Entities**

      80.      Defendant states that the Ginn / Lubert-Adler Defendants' Responses to First Set of Interrogatories are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 80 to the extent they are inconsistent with the written Ginn /

Lubert-Adler Defendants' Responses to First Set of Interrogatories. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80.

81. Defendant states that the Ginn / Lubert-Adler Defendants' Responses to First Set of Interrogatories are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 81 to the extent they are inconsistent with the written Ginn / Lubert-Adler Defendants' Responses to First Set of Interrogatories. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81.

G. **Facts Establishing that the Tesoro and Quail West Debtors Were Substantively "Borrowers" With Respect to the Credit Suisse Loans, and, Therefore, Had a Legal or Equitable Interest in the Loan Proceeds Distributed to Insiders at Closing Which Were Credited Against Their Respective Capital Accounts.**

82. Paragraph 82 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant states that the loan transaction documents are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 82 to the extent they are inconsistent with the written loan transaction documents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82.

83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84. Paragraph 84 states legal conclusions as to which no response is required. To the extent any response is required, Defendant states that the loan transaction documents are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 84 to the extent they are inconsistent with the written loan transaction documents.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84.

85.    Defendant states the Master Restructuring Agreement is a written document that speaks for itself as to its contents, and otherwise denies the allegations in paragraph 85 to the extent they are inconsistent with the written Master Restructuring Agreement.

86.    Admitted.

87.    Paragraph 87 states legal conclusions as to which no response is required.  To the extent any response is required, Defendant states that the Ginn / Lubert-Adler Defendants' Responses to First Set of Interrogatories are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 87 to the extent they are inconsistent with the written Ginn / Lubert-Adler Defendants' Responses to First Set of Interrogatories.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87.

88.    Defendant states that the Ginn / Lubert-Adler Defendants' Responses to First Set of Interrogatories are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 88 to the extent they are inconsistent with the written Ginn / Lubert-Adler Defendants' Responses to First Set of Interrogatories.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88.

89.    Defendant states that the Ginn / Lubert-Adler Defendants' Responses to First Set of Interrogatories are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 89 to the extent they are inconsistent with the written Ginn / Lubert-Adler Defendants' Responses to First Set of Interrogatories.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89.

### H.    Facts Establishing That the Court May and Should Alternatively "Collapse" the Credit Suisse Loan Transaction so as to Reflect the Economic Realities Thereof

90.    Paragraph 90 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.    Paragraph 91 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.    Defendant states that the First Lien Credit Agreement and Second Lien Credit Agreement are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 92 to the extent they are inconsistent with the written First Lien Credit Agreement and written Second Lien Credit Agreement.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92.

93.    Defendant states that the First Lien Subsidiary Guaranty, Second Lien Subsidiary Guaranty, First Lien Mortgage, Second Lien Mortgage, First Lien Security Agreement, Second Lien Security Agreement, First Lien Assignments of Rents and Leases and Fixture Filing, and Second Lien Assignments of Rents and Leases and Fixture Filing are written documents that speak for themselves as to their contents, and otherwise denies the allegations in paragraph 93 to the extent they are inconsistent with the written First Lien Subsidiary Guaranty, written Second Lien Subsidiary Guaranty, written First Lien Mortgage, written Second Lien Mortgage, written First Lien Security Agreement, written Second Lien Security Agreement, written First Lien Assignments of Rents and Leases and Fixture Filing, and written Second Lien Assignments of Rents and Leases and Fixture Filing.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     Defendant states that the "Memorandum" is a written document that speaks for itself as to its contents, and otherwise denies the allegations in paragraph 96 to the extent they are inconsistent with the written Memorandum.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 96.

**I.      The Fraudulent Nature of the Loans and Transfers at Issue**

**(1)      The Purpose and Effect of the Loan Transaction**

97.     Paragraph 97 requires no response.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     Paragraph 98 requires no response.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.     Paragraph 99 requires no response.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    Paragraph 100 requires no response.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.

103.    Defendant states the Draft "Memo" is a written document that speaks for itself as to its contents, and otherwise denies the allegations in paragraph 103 to the extent they are inconsistent with the written Draft Memo and the governing partnership documents of the Lubert-Adler Fund III Entities and the Lubert-Adler Fund IV Entities.  Defendant further denies that the Lubert-Adler Fund III and IV Advisory Boards are quasi-legislative bodies which serve to represent the interests of all Fund III and IV investors, respectively.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103.

104.    Defendant states the Draft "Memo" is a written document that speaks for itself as to its contents, and otherwise denies the allegations in paragraph 104 to the extent they are inconsistent with the written Draft Memo and the governing partnership documents of the Lubert-Adler Fund III Entities and the Lubert-Adler Fund IV Entities.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104.

105.    Defendant states the Draft "Memo" is a written document that speaks for itself as to its contents, and otherwise denies the allegations in paragraph 105 to the extent they are inconsistent with the written Draft Memo and the governing partnership documents of the Lubert-Adler Fund III Entities and the Lubert-Adler Fund IV Entities.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 105.

106.    Defendant states the final "Memo" version is a written document that speaks for itself as to its contents, and otherwise denies the allegations in paragraph 106 to the extent they are

inconsistent with the written final Memo version and the governing partnership documents of the Lubert-Adler Fund III Entities and the Lubert-Adler Fund IV Entities. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106.

107.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

### (2)    The Purpose and Effect of the Loan Transaction

108.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.

112.    Paragraph 112 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.    Defendant states that the Partial & Interim Order and Memorandum of Decision speak for themselves as to their content. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114.

115.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

116.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

118.     Defendant denies the allegations in paragraph 118 to the extent that they relate directly to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118.

119.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

126.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

127.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

128.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

### (3)     The Impact of the Transfers at Issue

136.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.    Paragraph 137 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

138.    Paragraph 138 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139.    Paragraph 139 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 139 to the extent they relate directly to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 139.

140.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

**(4)     The Initial Efforts to Restructure the Loans**

142.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143.

144.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

145.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.    Defendant states that the Ginn Lender Presentations are written documents that speak for themselves as to their content, and otherwise states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146.

147.    Defendant states that the Ginn Lender Presentations are written documents that speak for themselves as to their content, and otherwise states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 147.

### (5)    Ensuing Discussions Regarding Bankruptcy

148.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

149.    Paragraph 149 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149.

150.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150.

151.    Defendant states that the Order [ECF No. 572] speaks for itself as to its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151.

152.    Defendant states that the Order [ECF No. 572] speaks for itself as to its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 152.

153.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

154.    Paragraph 154 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154.

155.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155.

156.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156.

**(6)     The Master Restructuring Agreement**

157.    Defendant states that the Master Restructuring Agreement is a written document that speaks for itself, and otherwise denies the allegations in paragraph 157 to the extent they are inconsistent with the written Master Restructuring Agreement.

158.    Defendant states that the Master Restructuring Agreement is a written document that speaks for itself, and otherwise denies the allegations in paragraph 158 to the extent they are inconsistent with the written Master Restructuring Agreement.

159.    Defendant states that the Master Restructuring Agreement is a written document that speaks for itself, and otherwise denies the allegations in paragraph 159 to the extent they are inconsistent with the written Master Restructuring Agreement.

160.    Defendant states that the Master Restructuring Agreement is a written document that speaks for itself, and otherwise denies the allegations in paragraph 160 to the extent they are inconsistent with the written Master Restructuring Agreement.

**(7)     The Filing of the Underlying Bankruptcy Proceedings**

161.    Admitted.

162.    Paragraph 162 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant states that the loan transaction documents are written documents that speak for themselves as to their content, and otherwise denies the allegations in paragraph 162 to the extent they are inconsistent with the written loan transaction documents. Defendant further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 162.

### COUNT I – AVOIDANCE OF FRAUDULENT TESORO DISTRIBUTION
### (11 U.S.C. § 544(b)(1) and Fla. Stat. §§ 726.106(1)(a), 726.108(1)(a))

163.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 162 of the Complaint as if fully set forth herein.

164.    Paragraph 164 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 164.

165.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165.

166.    Paragraph 166 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166.

167.    Paragraph 167 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167.

168.    Paragraph 168 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

169.    Paragraph 169 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169.

The request for relief does not require a response.  To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

### COUNT II – AVOIDANCE OF FRAUDULENT TESORO DISTRIBUTION
### (11 U.S.C. § 544(b)(1) and Fla. Stat.§ §  726.105(1)(b), 726.106(1)(a))

170.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 162 of the Complaint as if fully set forth herein.

171.    Paragraph 171 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 171.

172.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

173.    Paragraph 173 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173.

174.    Paragraph 174 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174.

175.    Paragraph 175 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175.

176.    Paragraph 176 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176.

The request for relief does not require a response.  To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

## COUNT III – RECOVERY OF FRAUDULENT TESORO DISTRIBUTION
### (11 U.S.C. § 550(a))

177.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 162, 164 through 169, and 171 through 176 of the Complaint as if fully set forth herein.

178.    Paragraph 178 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 178.

179.    Paragraph 179 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 179 to the extent they relate directly to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 179.

180.    Paragraph 180 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 180 to the extent they relate directly to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 180.

The request for relief does not require a response.  To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

## COUNT IV – AVOIDANCE OF FRAUDULENT TRANSFERS
## (11 U.S.C. § 544(b) and Fla. Stat. §§ 726.105(1), 726.106(1)(b), 726.108(1)(a))

181.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 162 of the Complaint as if fully set forth herein.

182.    Paragraph 182 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 182.

183.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183.

184.    Paragraph 184 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184.

185.    Paragraph 185 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185.

186.    Paragraph 186 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186.

187.    Paragraph 187 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187.

The request for relief does not require a response.  To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

## COUNT V – AVOIDANCE OF FRAUDULENT TRANSFER QUAIL WEST DISTRIBUTION

### (11 U.S.C. § 544(b)(1) and Fla. Stat. § § 726.105(1)(b), 726.106(1), 726.108(1)(a))

188.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 162 of the Complaint as if fully set forth herein.

189.    Paragraph 189 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 189.

190.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190.

191.    Paragraph 191 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191.

192.    Paragraph 192 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192.

193.    Paragraph 193 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193.

194.    Paragraph 194 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194.

195.    Paragraph 195 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195.

The request for relief does not require a response.  To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

## COUNT VI – RECOVERY OF FRAUDULENT TRANSFER QUAIL WEST DISTRIBUTION
## (11 U.S.C. § 550(a))

196.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 162, 182 through 187, and 189 through 195, of the Complaint as if fully set forth herein.

197.    Paragraph 197 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 197.

198.    Paragraph 198 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 198 to the extent they relate directly to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 198.

199.    Paragraph 199 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 199 to the extent they relate directly to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 199.

The request for relief does not require a response.  To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

## COUNT VII – AVOIDANCE OF FRAUDULENT TRANSFER TESORO LIENS
## (11 U.S.C. § 544(b)(1) and Fla. Stat. § § 726.106(1)(a), 726.108(1)(a))

200.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 7, 15 through 17, 19 through 81, and 97 through 162, of the Complaint as if fully set forth herein.

201.    Paragraph 201 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 201.

202.    Paragraph 202 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202.

203.    Paragraph 203 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203.

204.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204.

205.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205.

206.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206.

207.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207.

208.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208.

209.    Admitted.

210.     Paragraph 210 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant states that the Orders [ECF Nos. 77, 88] speak for themselves as to their contents and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 210.

211.     Paragraph 211 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant states that the Orders [ECF Nos. 77, 88] speak for themselves as to their contents and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 211.

The request for relief does not require a response.  To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

## COUNT VIII – AVOIDANCE OF FRAUDULENT TRANSFER TESORO LIENS
### (11 U.S.C. § 544(b) and Fla. Stat. §§ 726.106(1)(a), 726.108(1)(a))

212.     Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 7, 15 through 17, 19 through 81, and 97 through 162 of the Complaint as if fully set forth herein.

213.     Paragraph 213 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 213.

214.     Paragraph 214 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214.

215.     Paragraph 215 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215.

216.     Paragraph 216 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216.

217.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217.

218.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218.

219.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219.

220.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220.

221.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221.

222.     Admitted.

223.     Paragraph 223 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant states that the Orders [ECF Nos. 77, 88] speak for themselves as to their contents and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 223.

224.     Paragraph 224 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant states that the Orders [ECF Nos. 77, 88] speak for themselves as to their contents and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 224.

The request for relief does not require a response. To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

## COUNT IX – RECOVERY OF FRAUDULENT TRANSFER TESORO LIENS
### (11 U.S.C. § 550(a))

225.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 7, 15 through 17, 19 through 81, 97 through 162, 201 through 211, and 213 through 224 of the Complaint as if fully set forth herein.

226.    Paragraph 226 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant denies the allegations in paragraph 226.

227.    Paragraph 227 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant denies the allegations in paragraph 227 to the extent they relate directly to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 227.

The request for relief does not require a response. To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

## COUNT X – AVOIDANCE OF FRAUDULENT TRANSFER QUAIL WEST LIENS
### (11 U.S.C. § 544(b)(1) and Fla. Stat. § § 726.106(1)(a), 726.108(1)(a))

228.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 7, 15 through 17, 19 through 81, and 97 through 162 of the Complaint as if fully set forth herein.

229.    Paragraph 229 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant denies the allegations in paragraph 229.

230.    Paragraph 230 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230.

231.    Paragraph 231 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231.

232.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232.

233.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233.

234.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234.

235.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235.

236.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236.

237.    Admitted.

238.    Paragraph 238 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant states that the Orders [ECF Nos. 77, 88] speak for themselves as to their contents and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 238.

239.    Paragraph 239 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant states that the Orders [ECF Nos. 77, 88] speak for

themselves as to their contents and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 239.

The request for relief does not require a response. To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

### COUNT XI – AVOIDANCE OF FRAUDULENT TRANSFER QUAIL WEST LIENS
### (11 U.S.C. § 544(b)(1) and Fla. Stat. § § 726.105(1)(b), 726.106(1), 726.108(1)(a))

240.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 7, 15 through 17, 19 through 81, and 97 through 162 of the Complaint as if fully set forth herein.

241.    Paragraph 241 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant denies the allegations in paragraph 241.

242.    Paragraph 242 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242.

243.    Paragraph 243 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243.

244.    Paragraph 244 states legal conclusions as to which no response is required. To the extent that any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 244.

245.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245.

246.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246.

247.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247.

248.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 248.

249.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249.

250.    Admitted.

251.    Paragraph 251 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant states that the Orders [ECF Nos. 77, 88] speak for themselves as to their contents and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 251.

252.    Paragraph 252 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant states that the Orders [ECF Nos. 77, 88] speak for themselves as to their contents and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 252.

The request for relief does not require a response.  To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

## COUNT XII – RECOVERY OF FRAUDULENT TRANSFER QUAIL WEST LIENS
## (11 U.S.C. § 550(a))

253.    Defendant restates and incorporates by reference its responses to the allegations in paragraphs 1 through 7, 15 through 17, 19 through 81, and 97 through 162, 229 through 239, and 241 through 252, of the Complaint as if fully set forth herein.

254.    Paragraph 254 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations in paragraph 254.

255.    Paragraph 255 states legal conclusions as to which no response is required.  To the extent that any response is required, Defendant denies the allegations to the extent they relate directly to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 255.

The request for relief does not require a response.  To the extent that a response is required, Defendant denies that Trustee Dillworth is entitled to any of the requested relief with respect to Defendant.

### AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendant states:

### First Defense

Trustee Dillworth's claims are barred, in whole or in part, because the funds that Trustee Dillworth seeks to recover from Defendant are not and were never property of the Debtors' estates.

### Second Defense

The Complaint fails to state a claim on which relief can be granted.

### Third Defense

Trustee Dillworth's claims are barred, in whole or in part, to the extent that Defendant is (i) a transferee that took for value (including, without limitation, satisfaction or securing of a present or antecedent debt) and in good faith, and/or (ii) a good faith transferee of any such transferee.

### Fourth Defense

Trustee Dillworth's claims are barred, in whole or in part, by the defense of *in pari delicto*, unclean hands.

### Fifth Defense

Trustee Dillworth's claims are barred, in whole or in part, by the defenses of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, and the law of the case.

### Sixth Defense

Trustee Dillworth's claims are barred, in whole or in part, by the defenses of waiver, release, and laches.

### Seventh Defense

Trustee Dillworth's claims are barred, in whole or in part, to the extent that the amount of Trustee Dillworth's claims exceed the amount of allowed claims in the chapter 7 cases of the Tesoro Debtors and Quail West Debtors that (i) arose prepetition, (ii) were timely filed, and (iii) are unrelated to the Credit Suisse loan transactions.

### Eighth Defense

Trustee Dillworth's claims are barred, in whole or in part, to the extent that Defendant made contributions or other transfers, directly or indirectly, to the Debtors after the alleged fraudulent transfers took place.

Dated:  January 19, 2010

Respectfully submitted,


BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Tel:    305.374.7580
Fax:    305.374.7593

/s/ *Scott L. Baena*
Scott L. Baena
Fla. Bar No. 186445
sbaena@bilzin.com
Jay M. Sakalo
Fla. Bar No. 156310
jsakalo@bilzin.com

and

ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA  02199
Tel:    617.951.7000
Fax:    617.951.7050

D. Ross Martin
(*admitted pro hac vice*)
Ross.Martin@ropesgray.com
Keith H. Wofford
(*admitted pro hac vice*)
Keith.Wofford@ropesgray.com
Alison E. McLaughlin
(*admitted pro hac vice*)
Alison.McLaughlin@ropesgray.com
Patricia I. Chen
(*admitted pro hac vice*)
Patricia.Chen@ropesgray.com

Attorneys for Washington University in St.
Louis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the ANSWER TO THIRD AMENDED COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS was served on January 19, 2010, via the Court's CM/ECF electronic mail, electronic mail and/or via U.S. First Class Mail, postage prepaid, upon all parties as set forth on the attached service list.

Jay M.Sakalo
Jay M. Sakalo
Attorney for Washington University in St. Louis

## SERVICE LIST VIA CM/ECF ELECTRONIC MAIL

Scott L Baena on behalf of *Defendants The President and Fellows of Harvard College, Yale University, Yale University Retirement Plan for Staff Employee, Yale University Retiree Health Benefits Coverage Trust, the Trustees of Princeton University, and Washington University in St. Louis*
sbaena@bilzin.com, eservice@bilzin.com;lflores@bilzin.com;abeck@bilzin.com

Matthew W Buttrick on behalf of Plaintiff Drew Dillworth
mbuttrick@stearnsweaver.com, cgraver@stearnsweaver.com;mmesones-mori@stearnsweaver.com;jstamm@stearnsweaver.com

Lynn F Chandler on behalf of *Defendant ERG Enterprises, L.P.*
lynn.chandler@smithmoorelaw.com, johanne.bloom@smithmoorelaw.com; devire.robinson@smithmoorelaw.com; jeff.macharg@smithmoorelaw.com; jon.heyl@smithmoorelaw.com

Robert N Gilbert on behalf of *Interested Party Credit Suisse, Cayman Islands Branch*
rgilbert@carltonfields.com; kdemar@carltonfields.com

Harold D Moorefield Jr. on behalf of *Plaintiff Drew Dillworth*
hmoorefield@stearnsweaver.com, cgraver@stearnsweaver.com; larrazola@stearnsweaver.com; rross@stearnsweaver.com; mmesones-mori@stearnsweaver.com

Paul Steven Singerman on behalf of *Defendant Lubert-Adler Capital Real Estate Fund III, L.P.*
singerman@bergersingerman.com; efile@bergersingerman.com

Charles W Throckmorton on behalf of Defendant Edward Ginn
cwt@kttlaw.com, lf@kttlaw.com;la@kttlaw.com

Allan E Wulbern on behalf of *Defendant & Capital Partners, L.P.*
awulbern@smithhulsey.com; kgammill@smithhulsey.com; jbolling@smithhulsey.com; asyed@smithhulsey.com

## SERVICE LIST VIA ELECTRONIC MAIL AND U.S. FIRST CLASS MAIL

Stephen D Busey, Esq.
busey@smithhulsey.com
Jams A. Bolling, Esq.
jbolling@smithhulsey.com
Smith Hulsey & Busey
225 Water St #1800
Jacksonsville, FL 32202-3315
*Counsel for The Ohio Police and Fire Pension Fund*

Sally McDonald Henry, Esq.
Sally.Henry@skadden.com
Donald D. Lewis, Esq.
Donald.Lewis@skadden.com
Four Times Square
New York, NY 10036
*Counsel for Credit Suisse Securities (USA) LLC*

William A. Harvey, Esq.
wharvey@klehr.com
Rona J. Rosen, Esq.
rrosen@klehr.com
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
*Counsel to Lubert-Adler Entities*