UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

DREW M. DILLWORTH, etc.,       )
                               )
       Plaintiff,          )
                               )
v.                             )   Adv. Pro. No. 10-02976-PGH [1]
                               )
EDWARD R. GINN III, et al.,    )
                               )
       Defendants.         )
                               )

## INVESTOR DEFENDANTS' MOTION TO DISMISS

The Investor Defendants[2] move pursuant to Rule 12(b)(6) to dismiss the Trustee's third amended complaint (the "Complaint," ECF No. 163) for failure to state a claim upon which relief may be granted, and say:

1.    In Counts I through VI, the Trustee seeks to avoid as fraudulent transfers and recover $148 million of the Credit Suisse loan proceeds (collectively, the "Loan Proceeds Claims").

2.    In Counts VII through XII, the Trustee seeks to avoid as fraudulent transfers the Subsidiary Guaranties, mortgages and liens that the Debtors transferred to Credit Suisse *and* to recover from the defendants the "value" of the guaranties, mortgages and liens when transferred (collectively, the "Lien Claims").

---

[1] This adversary proceeding arises out of the following Chapter 7 cases: *In re Ginn-LA St. Lucie Ltd., LLLP, et al.*; Lead Case No. 08-29769-PGH; and *In re Ginn-LA Quail West Ltd., et al.*; Lead Case No. 08-29774-PGH.

[2] The 356 Investor Defendants are identified in Smith Hulsey & Busey's notice of appearance, filed October 15, 2010 (ECF No. 93).

I.    *The Loan Proceeds Claims (Counts I-VI) should be dismissed.*

3.    The Investor Defendants adopt and join in the Lubert-Adler Defendants' motion to dismiss the Loan Proceeds Claims (Counts I through VI) because the Loan Proceeds were never the Debtors' property.

4.    In the event the Loan Proceeds Claims are not dismissed in their entirety, Counts III and VI should nevertheless be dismissed with leave for the Trustee to replead to allege that the Investor Defendants' liability (if any) is *solely* as subsequent transferees, and not as initial transferees or entities for whose benefit the transfers were made.

5.    In paragraph 44 of the Complaint the Trustee alleges that *all* of the defendants (the "Ginn Defendants," the "Lubert-Adler Defendants," and the Investor Defendants who invested in the Lubert-Adler Funds III and IV) are liable under § 550(a) as one of three different types of entities, *without specifying which*:

> With respect to the transfers for which avoidance and recovery is sought in this case, each of the individuals and entities named as Defendants herein was either *an initial transferee or an entity for whose benefit a transfer was made within the meaning of 11 U.S.C. § 550(a)(1); or alternatively, an immediate or mediate transferee within the meaning of 11 U.S.C. § 550(a)(2).*
>
>    Complaint, para. 44 (emphasis added).[3]

---

[3] Counts IX and XII for recovery of the value of the guaranties and mortgages that the Debtors transferred to Credit Suisse are exceptions to this ambiguity. Those Counts allege that all of the defendants are liable under § 550(a) solely as Transfer Beneficiaries (paras. 227 and 255).

2

6.This ambiguity (that the Investor Defendants were initial transferees, an entity for whose benefit a transfer was made or subsequent transferees) is repeated in Count III (para. 179) and Count VI (para. 198).

7.The Complaint's ambiguity about the Investor Defendants' alleged transferee liability is prejudicial to the Investor Defendants. If the Investor Defendants were initial transferees, or entities for whose benefit the transfers were made ("Transfer Beneficiaries"), the Investor Defendants would not be entitled to § 550(b) defenses ("a transferee that takes for value,…in good faith, and without knowledge"). If the Investor Defendants are subsequent transferees, the Investor Defendants are entitled to § 550(b) defenses.

8.Elsewhere in the Complaint the Trustee alleges facts which show that the Investor Defendants were indeed subsequent transferees. The Complaint alleges in a number of different places that the Credit Suisse loan proceeds were transferred by Credit Suisse first to (i) Ginn-LA CS Borrower, LLC, then to (ii) Ginn-LA CS Holding Co., LLC, then to (iii) Lubert-Adler Funds III and IV (and ERG Enterprises, L.P.), and finally to (iv) the Investor Defendants (and ERG-related entities). (Complaint, paras. 6, 7, 11, 12, 18, 96 and 107).

9.As currently pled, therefore, the Complaint does not state a cause of action in Counts III and VI that the Investor Defendants are liable under § 550(a)(1) *as initial transferees*. A complaint does not suffice if it tenders "naked assertions[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (U.S. 2009).

10. Nor do Counts III and VI state causes of action against the Investor Defendants *as Transfer Beneficiaries*. As a matter of law, *because the Investors were in fact subsequent transferees*, the Investor Defendants cannot be Transfer Beneficiaries. Four U.S. Circuit Courts (the Second, Fourth, Seventh and Ninth) have held that a subsequent transferee cannot be a Transfer Beneficiary:

> The structure of the statute [§ 550(a)] separates initial transferees and beneficiaries, on the one hand, from "immediate or mediate transferee[s]", on the other. The implication is that the "entity for whose benefit' is different from a transferee, "immediate" or otherwise. The paradigm "entity for whose benefit such transfer was made" is a guarantor or debtor—someone who receives the benefit but not the money.
>
> * * *
>
> Someone who receives the money later on is not an "entity for whose benefit such transfer was made"; only a person who receives a benefit from the initial transfer is within this language.
>
> * * *
>
> [After reviewing the legislative history of § 550(a)] This is the only discussion of the enacted version of § 550(a) in the legislative history of the 1978 Code, and it does not address the problems our case presents. We are left with the inference from structure: § 550(a) distinguishes transferees (those who receive the money or other property) from entities that a get a benefit because someone else received the money or property.
>
> *Bonded Financial v. European American Bank*, 838 F.2d 890, 895 and 896 (**7th** Cir. 1988) (see complete analysis at pages 895-896).

4

> A subsequent transferee cannot be an entity for whose benefit the initial transfer was made, even if the subsequent transferee actually receives a benefit from the initial transfer.
>
> * * *
>
> The structure of the statute separates initial transferees and beneficiaries, on the one hand, from immediate or mediate transferees , on the other.
>
> > *Danning v. Miller (In re Bullion Reserve of North America)*, 922 F.2d 544, 548 (**9th** Cir. 1991).

> [T]he entity for whose benefit the transfer is made "is a guarantor or debtor—someone who receives a benefit but not the money."  When a debtor pays a creditor to satisfy a debtor guaranteed by a third party, the creditor is the initial transferee and the guarantor, who is no longer liable for the debt, is the entity for whose benefit the transfer is made.
>
> > *Lowry v. Security Pacific Business Credit, Inc. (In re Columbia Data Products, Inc.)*, 892 F.2d 26, 29 (**4th** Cir. 1989) (citing *Bonded Financial*, 838 F.2d at 895).

> Section 550(a)(1) groups initial transferees with "entit[ies] for whose benefit such transfer was made" and subjects both groups to strict liability.  Chiefly because "immediate and mediate" transferees are subject to the following subsection (§ 550(a)(2)), we know that the "entity for whose benefit" phrase does not simply reference the next pair of hands; it references entities that benefit as guarantors of the debtor, or otherwise, without ever holding the funds.
>
> > *Christy v. Alexander & Alexander (In re Finley, Kumble)*, 130 F.3d 52, 57 (**2d** Cir. 1997).

5

11. Only one U.S. Circuit Court has held to the contrary, without significant analysis. *Max Sugarman Funeral Home, Inc. v. A.D.B. Investors*, 926 F.2d 1248, 1256 (1st Cir. 1991).

12. Because the Complaint accurately alleges that the Investor Defendants were subsequent transferees (see, for example, paras. 6 and 7), Counts III and VI therefore do not state causes of action against the Investor Defendants as § 550(a)(1) initial transferees or Transfer Beneficiaries.

13. For these reasons, in the event Counts I through VI are not dismissed in their entirety because the Loan Proceeds were not property of the Debtors, Counts III and IV should be dismissed with leave to amend and allege that the Investor Defendants are liable as subsequent transferees, but not initial transferees or Transfer Beneficiaries.

II.  *The Lien Claims (Counts VII-XII) should be dismissed.*

14. The Investor Defendants adopt and join in the Lubert-Adler Defendants' motion to dismiss the Lien Claims (Counts VII through XII).

III. *Conclusion.*

15. The Loan Proceed Claims (Counts I-VI) do not state causes of action because the Loan Proceeds were not property of the Debtors, as argued in Lubert-Adler's motion to dismiss.

16. Counts III and VI for recovery of the Loan Proceeds in any event should be repled to allege that the Investor Defendants may only be liable as subsequent transferees, and not as initial transferees or Transfer Beneficiaries.

17. As argued in Lubert-Adler's motion to dismiss, the Lien Claims (Counts VII-XII) do not state causes of action.

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

SMITH HULSEY & BUSEY


By  */s/ Allan E. Wulbern*
    Stephen D. Busey
    James A. Bolling
    Allan E. Wulbern

Florida Bar Number 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for the Investor Defendants

7

## Certificate of Service

I certify that a copy of this document has been furnished by the Court's electronic notification system to all parties who have appeared in this adversary proceeding, and by electronic mail on the following, this 19th day of January, 2011:

| Law Firm and Party(ies) represented | Attorney | Email Address |
|---|---|---|
| Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./Plaintiff | Eugene E. Sterns, Esq.<br>Harold D. Moorefield, Jr., Esq.<br>Matthew W. Buttrick, Esq.<br>Andrew E. Stearns, Esq. | estearns@stearnsweaver.com<br>hmoorefield@stearnsweaver.com<br>mbuttrick@stearnsweaver.com<br>astearns@stearnsweaver.com |
| Bilzin Sumberg Baena Price & Axelrod, LLP/Bilzin Investor Defendants | Scott L. Baena, Esq.<br>Jay M. Sakala, Esq. | sbaena@bilzin.com<br>jsakalo@bilzin.com |
| Ropes & Gray/Bilzin Investor Defendants | D. Ross Martin, Esq.<br>Peter L. Welsh, Esq.<br>Keith Wofford, Esq.<br>Patricia Chen, Esq. | ross.martin@ropesgray.com<br>peter.welsh@ropesgray.com<br>keith.wofford@ropesgray.com<br>patricia.chen@ropesgray.com |
| Berger Singerman, P.A./Lubert-Adler Defendants | Paul Steven Singerman, Esq.<br>Paul A. Avron, Esq.<br>Michel O. Weisz, Esq. | singerman@bergersingerman.com<br>pavron@bergersingerman.com<br>MWeisz@bergersingerman.com |
| Klehr Harrison Harvey Branzburg LLP/ Lubert-Adler Defendants | William A. Harvey, Esq.<br>Rona J. Rosen, Esq. | wharvey@klehr.com<br>rrosen@klehr.com |
| Kozyak Tropin & Throckmorton, P.A./Ginn Defendants | Charles W. Throckmorton, Esq. | cwt@kttlaw.com |
| Smith Moore Leatherwood LLP/Ginn Defendants | Lynn F. Chandler, Esq.<br>Jonathan P. Heyl, Esq. | lynn.chandler@smithmoorelaw.com<br>Jon.Heyl@smithmoorelaw.com |



                /s/ *Allan E. Wulbern*
                     Attorney

738409