UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: <br> GINN-LA ST. LUCIE LTD., LLLP, *et al.*, <br><br> Debtors. | **CASE NO. 08-29769(PGH)** <br> All Cases Jointly Administered |
| In re: <br> GINN-LA QUAIL WEST., LTD, LLLP, *et al.*, <br><br> Debtors. | Chapter 7 |
| DREW M. DILLWORTH, Chapter 7 Trustee, <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD R. GINN III, *et al.*, <br><br> Defendants. | **ADV. PRO. NO. 10-02976-PGH** |

**THE LUBERT-ADLER DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF THEIR MOTION TO
DISMISS THE TRUSTEE'S THIRD AMENDED COMPLAINT**

The Lubert-Adler Defendants[1] file this Supplemental Memorandum of Law in response to the Trustee's Supplemental Memorandum in Opposition to Defendants' Motion To Dismiss, Addressing New Argument Raised in Reply ("Trustee's Supplemental Memorandum") [ECF No. 223], *i.e.*, addressing Defendants' argument that the Trustee cannot seek recovery from the Defendants under 11 U.S.C. § 550(a)(1) as entities "for whose benefit" the Debtors' liens and guarantees were issued in connection with the Credit Suisse loan transaction. Such recovery

---

[1] Unless otherwise stated, defined terms herein shall have the same meaning as in the Lubert-Adler Defendants' Motion To Dismiss the Trustee's Third Amended Complaint. [ECF No. 165].

cannot be had because the Trustee alleges that the Defendants were transferees of the Loan Proceeds in connection with the underlying liens that the Debtors had granted.[2]

It is telling that the sole authority relied upon by the Trustee in support of his section 550(a)(1) "for whose benefit" argument are two inapposite cases decided more than two decades ago: *In re Air Conditioning, Inc. of Stuart (American Bank of Martin County v. Leasing Service Corporation.)*, 845 F.2d 293 (11th Cir. 1988) and *In re Compton Corp. (Kellogg v. Blue Quail Energy, Inc.)*, 831 F.2d 586 (5th Cir. 1987). Both of these cases were preference cases, and both focused on whether, in the context of a letter of credit transaction, a creditor received an indirect transfer sufficient to satisfy the preference requirements of 11 U.S.C. § 547(b)(1).

Contrary to the Trustee's suggestion, Judge Gold, in his *Tousa II* opinion, did not misconstrue these cases, but rather recognized them for what they were, writing:

> [T]he holdings in both *Air Conditioning* and *Kellogg v. Blue Quail Energy, Inc. (In re Compton Corp.),* 831 F.2d 586 (5th Cir.1988), which the Eleventh Circuit relied on in *Air Conditioning,* were limited to banking disputes concerning letters of credit or certificates of deposit. *See Air Conditioning,* 845 F.2d at 299 (affirming the district court specifically because of its decision "to uphold the sanctity of letters of credit as vital instruments of commerce"); *In re Compton,* 831 F.2d at 594 ("The precise holding in this case needs to be emphasized.... The holding of this case fully allows the letter of credit to function. We preserve its sanctity and the underlying independence doctrine. We do not, however, allow an unsecured creditor to avoid a preference attack by utilizing a letter of credit to secure payment of an antecedent

---

[2] This argument is not the primary focus of the defendants' pending Motions to Dismiss. As to the avoidance and recovery of loan proceeds claims (Counts I-VI ), defendants argue that the Trustee has not overcome the "property of the estate" pleading deficiency of the Second Amended Complaint by pleading that the Debtors can be characterized as "substantively borrowers" or that the transaction can be recharacterized (or in the Trustee's word "collapsed") to reflect that the Debtors were not mere 'guarantors' with respect to the loans at issue. The Trustee may not manufacture a property interest that did not exist. As to the avoidance and recovery of the guaranty obligations and lien claims (Counts VII-XII), defendants argue that those claims fail because: (1) loan guaranties are *obligations* incurred (not *property transferred*) and cannot be "recovered" under § 550; (2) the Trustee cannot establish that the First Loan Liens are avoidable under § 544 because it is the law of the case that the First Loan Liens are unavoidable; and (3) as to the Second Loan Liens, permitting the Trustee to recover the value of the Second Loan Liens under § 550(a) makes no sense and would result in a windfall to the Debtors' estates because: (a) at the time of the filing of the Petitions (December 23, 2008), the Debtors' estates were in possession of the collateral which was encumbered by the Second Loan Liens; and (b) it has been determined in this case, through the sale process, that the Second Loan Liens have no value.

>  debt."). The *Air Conditioning* court even explicitly noted that "it has been clear from the outset what this dispute is about: The $20,000 certificate of deposit." *Air Conditioning,* 845 F.2d at 299.

*See Tousa II,* Case No. 10-60016, 2011 WL 522008 at *51.

This case is not a preference case and it is not a letter of credit case. And, unlike *Air Conditioning* and *Compton*, this case does not present any "indirect transfer" issue. Here, Trustee Dillworth not only plainly alleges that the defendants were <u>transferees</u> of the Credit Suisse loan proceeds but also that the proceeds at issue passed to the defendants through direct sequential transfers as follows: (1) Credit Suisse to CS Borrower and/or Conduit Lender; (2) then from CS Borrower and/or Conduit Lender to the Lubert-Adler Funds and/or to ERG Enterprises; and (3) then from the Lubert-Adler Funds and/or ERG Enterprises Funds to other defendants. In other words, <u>the Trustee alleges that the defendants were the second or third pair of hands to receive the loan proceeds</u>. It is well settled that section 550(a) distinguishes between "transferees" and an "entity for whose benefit [the initial transfer] was made," and that the "entity for whose benefit" language does "not simply reference the next pair of hands." *Faulkner v. Kornman* (*In re the Heritage Org., LLC),* 413 B.R. 438, 495 (Bankr. N.D. Tex. 2009), (quoting *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey,* 130 F.3d 52, 57 (2d Cir. 1997)).

Although the *Air Conditioning* and *Compton* cases extensively discussed the section 547 and letter of credit issues presented, neither case extensively analyzed the issue of liability under section 550(a)(1)[3] and neither case offered any analysis of section 550(a)(1) in the context of a situation such as is presented here – where the defendants are transferees of the funds at issue in the case. Moreover, the *Air Conditioning* and *Compton* courts did not have at their disposal for consideration the significant body of precedential case law from the ensuing decades on this

---

[3] *Air Conditioning*'s eight page opinion devoted only one sentence to the subject; and *Compton*'s fourteen page opinion devoted one paragraph to the subject.

3

issue, which Judge Gold carefully considered in rendering his decision in *Tousa II*. *See In re Tousa, Inc.*, 2011 WL 5522008 at *43-52.

Contrary to Trustee Dillworth's contention, Judge Gold correctly held that a recipient of loan proceeds guaranteed by a debtor is *not* a beneficial transferee under section 550(a)(1) but, at best, a subsequent transferee under section 550(a)(2). *See In re Tousa, Inc.,* 2011 WL 5522008 at *47. That holding applies with equal force to the facts presented in this case.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *The Lubert-Adler Defendants' Supplemental Memorandum in Support of Their Motion to Dismiss the Trustee's Third Amended Complaint* was served this 11th day of April, 2011 upon those parties registered to receive Notices of Electronic Filing in this adversary proceeding as indicated on the Service List attached here to as **Exhibit A**; and by First Class Mail upon those parties indicated on the Service List attached hereto as **Exhibit B**.

Dated: April 11, 2011

Respectfully submitted,

BERGER SINGERMAN, P.A.
Counsel to Lubert-Adler Management Co., L.P., Lubert-Adler Real Estate Fund III, L.P., Lubert-Adler Real Estate Parallel Fund III, L.P., Lubert-Adler Capital Real Estate Fund III, L.P., Lubert-Adler Real Estate Fund IV, L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P., Lubert-Adler Capital Real Estate Fund IV, L.P., Ira M. Lubert, and Dean S. Adler

200 South Biscayne Boulevard
Suite 1000
Miami, Florida  33131
(305) 755-9500
Fax: (305) 714-4340

By: *s/ Paul Steven Singerman*
Paul Steven Singerman
Fla. Bar No. 378860
singerman@bergersingerman.com

- AND -

KLEHR HARRISON HARVEY
BRANZBURG LLP

William A. Harvey
Rona J. Rosen
1835 Market Street
Philadelphia, PA  191103
(215) 568-6060
Fax: (215) 568-6603
*Admitted pro hac vice*

## **EXHIBIT A - SERVICE LIST**

Pursuant to the Court's Electronic Mailing Notice List, the following parties are currently registered to receive Notice of Electronic Filings in this adversary proceeding:

**Scott L Baena , Esq.**
sbaena@bilzin.com
eservice@bilzin.com
lflores@bilzin.com
abeck@bilzin.com

**Harold D Moorefield Jr.**
hmoorefield@stearnsweaver.com
cgraver@stearnsweaver.com
larrazola@stearnsweaver.com
rross@stearnsweaver.com
mmesones-mori@stearnsweaver.com

**Stephen D. Busey, Esq.**
Allan E. Wulbern, Esq.
awulbern@smithhulsey.com
kgammill@smithhulsey.com
jbolling@smithhulsey.com
asyed@smithhulsey.com

**Robert N Gilbert, Esq**.
rgilbert@carltonfields.com
kdemar@carltonfields.com

**Lynn F. Chandler, Esq.**
lynn.chandler@smithmoorelaw.com
jeff.macharg@smithmoorelaw.com
jon.heyl@smithmoorelaw.com
johanne.bloom@smithmoorelaw.com
devire.robinson@smithmoorelaw.com

**Matthew W. Buttrick, Esq.**
mbuttrick@stearsnweaver.com
cgraver @stearsnweaver.com
mmesones-mori@stearnsweaver.com
stamm@stearnsweaver.com

**Charles W. Throckmorton, Esq.**
cwt@kttlaw.com
lf@kttlaw.com
la@kttlaw.com

**EXHIBIT B -SERVICE LIST**

Copies will be provided via regular U.S. mail upon the following:

| | | |
|---|---|---|
| Eugene E. Stearns, Esq.<br>Stearns Weaver Miller et al.<br>150 West Flagler, Suite 2200<br>Miami, FL  33130 | Harold D. Moorefield, Jr., Esq.<br>Stearns Weaver Miller et al.<br>150 West Flagler, Suite 2200<br>Miami, FL  33130 | Robert Gilbert, Esq.<br>525 Okeechobee Boulevard<br>Suite 1200<br>West Palm Beach, FL  33401 |
| Scott L. Baena, Esq.<br>Jay M. Sakalo, Esq.<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, FL 33131-5340 | Stephen B. Busey, Esq.<br>Allan E. Wulbern, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202 | Andrew Stearns, Esq.<br>Stearns Weaver Miller et al.<br>150 West Flagler, Suite 2200<br>Miami, FL  33130 |
| Lynn F. Chandler, Esq.<br>Smith Moore Leatherwood LLP<br>525 North Tryon Street, Suite 1400<br>Charlotte, North Carolina 28202 | Charles W. Throckmorton, Esq.<br>Kozyak Tropin & Throckmorton, P.A.<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, FL 33134 | Matthew W. Buttrick, Esq.<br>Stearns Weaver Miller et al.<br>150 West Flagler, Suite 2200<br>Miami, FL  33130 |
| Rona J. Rosen, Esq.<br>Klehr Harrison Harvey Branzburg LLP<br>1835 Market Street, Suite 1400<br>Philadelphia, PA 19103 | William A. Harvey, Esq.<br>Klehr Harrison Harvey Branzburg LLP<br>1835 Market Street, Suite 1400<br>Philadelphia, PA 19103 | Sally McDonald Henry, Esq.<br>Four Times Square<br>New York, NY  10036 |
| Ropes & Gray<br>D. Ross Martin, Esq.<br>Peter L. Welsh, Esq.<br>Keith H. Wofford, Esq.<br>One International Place<br>Boston, MA 02110-2624 | Blackacre Capital Partners, L.P.<br>299 Park Avenue<br>New York, New York  10171 | City of Philadelphia Sinking Fund Commission, Trustee for the Philadelphia Gas Works Retirement Reserve Fund<br>1401 John F. Kennedy Boulevard<br>Suite 640<br>Philadelphia, PA  19102-1678 |
| Mellon Trust of New England, N.A. As Trustee for Kodak Retirement Income Plan Trust<br>135 Santilli Highway<br>Everett, MA  02149-1950 | Miriam D. Glantz<br>50 Belmond Avenue<br>Suite 310<br>Bala Cynwyd, PA 19004 | Terry K. Watanabe<br>TKW Enterprises<br>2033 Gateway Place, Suite 670<br>San Jose, CA  95110 |
| Joan Cloetingh<br>P.O. Box 685<br>Kimberton, PA  19442 | Bonnie Kay Marks<br>1070 Mill Road Circle<br>Rydal, PA | Carolyn McCulloch<br>Five Radnor Corporate Center<br>MPS Capital, Inc., Suite 520<br>Radnor, PA  19087 |
| Patricia I. Chen, Esq.<br>Alison Mclaughlin, Esq.<br>800 Boylston Street<br>Boston, MA  02199 | Donald Lewis<br>Four Time Square<br>New York, NY  10036 | Jonathan P. Heyl<br>Jeffrey P. MacHarg<br>Smith Moore Leatherwood, LLLP<br>525 N. Tryon Street, Suite 1400<br>Charlotte, NC  28202 |