UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**West Palm Beach Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>GINN-LA ST. LUCIE LTD., LLLP, *et al.*,<br><br>               Debtors.<br>_____/<br>In re:<br>GINN-LA QUAIL WEST LTD., LLLP, *et al.*,<br><br>               Debtors.<br>_____/<br>DREW M. DILLWORTH, Chapter 7 Trustee,<br><br>               Plaintiff,<br><br>   vs.<br><br>EDWARD R. GINN, III, et al.,<br><br>               Defendants.<br>_____/ | **CASE NO. 08-29769-PGH**<br>All Cases Jointly Administered<br><br>Chapter 7<br><br>(4 Cases Substantively Consolidated Under Lead Case No. 08-29769-PGH)[1]<br><br>(3 Cases Substantively Consolidated Under Lead Case No. 08-29774-PGH)[2]<br><br><br>**ADV. PRO. NO. 10-02976-PGH** |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO AMEND COMPLAINT,
AND FOR LEAVE TO ADD ADDITIONAL CLAIMS**

      Plaintiff Drew M. Dillworth ("Trustee Dillworth"), in his capacity as Chapter 7 Trustee for the Tesoro and Quail West Debtors' Estates, hereby moves pursuant to Fed. R. Bankr. P. 9006(b) to stay the deadline established in the Order Granting In Part and Denying In Part Lubert-Adler's And The Investor Defendants' Motions to Dismiss ("Order on Motions to Dismiss") [ECF No. 232]

---

[1] The "Tesoro Debtors' Estates" (Nos. 08-29769-PGH, 08-29770-PGH, 08-29772-PGH, and 08-29773-PGH) are substantively consolidated into Lead Case No. 08-29769-PGH. Order [ECF No. 308/309]. The "Tesoro Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA St. Lucie Ltd., LLLP – 5632; (ii) Ginn-St Lucie GP, LLC – 0983; (iii) Tesoro Golf Club Condo., LLC – 4385; and (iv) The Tesoro Club, LLC – 1917. *See* 11 U.S.C. § 342(c)(1).

[2] The "Quail West Debtors' Estates" (Nos. 08-29774-PGH, 08-29775-PGH, and 08-29776-PGH) are substantively consolidated into Lead Case No. 08-29774-PGH. Order [ECF No. 34]. The "Quail West Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA Quail West Ltd., LLLP – 2397; (ii) Ginn-Quail West Beach, LLC – 9142; and (iii) Ginn-Quail West GP, LLC – 6313. *See* 11 U.S.C. § 342(c)(1).

-2-

to amend the Third Amended Complaint, pending a ruling on Trustee Dillworth's Motion to Alter or Amend Order on Motions to Dismiss, which seeks reconsideration of said Order [ECF No. 235]. In addition, Trustee Dillworth also moves pursuant to Fed. R. Civ. P. 15(a)(2), made applicable to this proceeding by Fed. R. Bankr. P. 7015, for leave to include as part of any ensuing amendment to the Third Amended Complaint, additional claims arising out of the same conduct and transaction. The grounds for this motion are as follows:

    1.    This Court's recent Order on Motions to Dismiss, entered on April 18, 2011, dramatically altered the shape of this litigation by:

    (a)    dismissing Third Amended Complaint Counts I - VI (the "Loan Proceeds Claims") with prejudice,

    (b)    dismissing Counts VII to XII (the "Lien Claims") with prejudice to the extent they assert claims in respect of the First Liens; and

    (c)    dismissing the Lien Claims without prejudice to the extent that they assert claims in respect of the Second Liens, with twenty days leave to amend to re-allege claims respecting said Liens.

Order on Motions to Dismiss [ECF No. 232], p. 35.

    2.    On May 2, 2011, Trustee Dillworth filed a Motion to Alter or Amend said Order, seeking reconsideration of the Court's rulings as to the Loan Proceeds Claims and the Lien Claims relating to the First Liens. The motion asks the Court to either reinstate said claims or grant leave to amend to permit further development thereof. Motion to Alter or Amend [ECF No. 235], p. 16.

    3.    Since the scope of the contemplated amendment to the Third Amended Complaint may be impacted by the resolution of the Motion to Alter or Amend, we respectfully request that the Court vacate the current "twenty day" deadline to re-allege claims respecting the Second Liens and stay said requirement pending the Court's resolution of the Motion to Alter or Amend. That would be the most efficient course of action and would avoid unnecessary duplication of effort.

-2-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

4. In the meantime, the Trustee also seeks leave to include in any ensuing amendment to the Third Amended Complaint additional claims arising out of the same conduct and transaction. In the Court's Order on Motions to Dismiss, the Court stated as to the Loan Proceeds Claims that "[w]hile [it believes] the allegations do not support a cause of action for avoidance and recovery of the Loan Proceeds, they may support claims for breach of fiduciary duty." Order, pp. 27, 35. However, the Court did not expressly grant leave to amend to include such claims. *Id.* at 35.

5. Federal Rule of Civil Procedure 15, titled "Amended and Supplemental Pleadings," states in pertinent part that "[t]he court should *freely* give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2) (emphasis added).

6. In the case of *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court interpreted that mandate to mean that leave to amend should be given in all cases where the underlying facts or circumstances may be a proper subject of relief:

> "The Federal Rules reject the approach that pleading is a game of skill and that one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." . . .
>
> * * *
>
> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . *If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.* In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of the amendment, etc. – *the leave sought should, as the rules require – be "freely given."*

*Id.* at 181-82 (citations omitted) (emphasis added) (reversing denial of motion for leave to amend where "the amendment would have done no more than state an alternative theory for recovery"); *Thomas v. Town of Davie*, 847 F.2d 771, (11th Cir. 1988) ("[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restricted' by Fed. R. Civ. P. 15(a). . . . '[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (citation omitted).

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

7.    In this case, the Trustee has twice amended his pleading to add additional Defendants, and once to add additional factual allegations supportive of what the Court characterized as "seemingly plausible theories of recovery . . . which [had] not [been] adequately alleged." Order on Motions to Dismiss, p. 3. The Trustee has not acted in bad faith or with dilatory motive; nor has he demonstrated a "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182.

8.    Similarly, given the posture of this case, the requested amendment would not result in "undue delay" or "undue prejudice to the opposing part[ies]." *Foman*, 371 U.S. at 182. And it most certainly would not be "futile." As the Court noted in its Order on Motions to Dismiss, "the allegations [made] concerning the [Credit Suisse loan] transaction, if true, raise concerns of egregious intentional fraudulent conduct by multiple parties." Order on Motions to Dismiss, p. 27. Those allegations clearly "may be a proper subject of relief." *Foman*, 371 U.S. at 182; *Hernandez v. Ikon Office Solutions, Inc.*, 306 Fed. Appx. 180, 2009 WL 62251 (5th Cir. 2009) (reversing denial of motion for leave to amend to add new claim at motion to dismiss stage where "the allegations in Hernandez's complaint clearly add up to a breach of contract claim") .

WHEREFORE, Trustee Dillworth respectfully requests that the Court enter an Order granting the present motion and:

(a)    vacating the current deadline to amend the Third Amended Complaint to re-allege claims respecting the Second Liens (May 9, 2011), and staying said requirement pending the resolution of the Motion to Alter and Amend (the deadline to be reset following the resolution thereof);

(b)    granting leave to include in any amendment of the Third Amended Complaint additional claims arising out of the same conduct/transaction; and

(c)    granting such further relief deemed just and proper.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

Dated: May 3, 2011

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
  ALHADEFF & SITTERSON, P.A.

Attorneys for Drew M. Dillworth,
Chapter 7 Trustee of the Tesoro Debtors' Estates
and the Quail West Debtors' Estates

Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile:  (305) 789-3395

I hereby certify that I am admitted to the Bar of
the United States District Court for the Southern District
of Florida and I am in compliance with the additional
qualifications to practice in this Court set forth in
Local Rule 2090-1(A).


By: /s/ Harold D. Moorefield
    EUGENE E. STEARNS
    Fla. Bar No. 149335
    estearns@stearnsweaver.com
    HAROLD D. MOOREFIELD, JR.
    Fla. Bar No. 239291
    hmoorefield@stearnsweaver.com
    MATTHEW W. BUTTRICK
    Fla. Bar No. 176028
    mbuttrick@stearnsweaver.com
    ANDREW E. STEARNS
    Fla. Bar No. 661651
    astearns@stearnsweaver.com

-5-

STEARNS  WEAVER  MILLER  WEISSLER  ALHADEFF  &  SITTERSON,  P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

**CERTIFICATE OF SERVICE**

I CERTIFY that on May 3, 2011, a true and correct copy of the foregoing was served as follows: (a) by courtesy E-Mail from undersigned counsel and by Notice of Electronic Filing ("NEF") generated by CM/ECF to those parties registered to receive NEF in this adversary proceeding; and (b) by courtesy E-Mail and/or U.S. Mail, postage prepaid, from undersigned counsel to those parties not registered to receive NEF in this adversary proceeding, as indicated on the attached Service List.

          By: */s/ Harold D. Moorefield, Jr.*
          HAROLD D. MOOREFIELD, JR.
          hmoorefield@stearnsweaver.com
          Counsel for Plaintiff

**SERVICE LIST**

**The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF and were also served by courtesy e-mail to their first e-mail address listed below:**

SCOTT L BAENA, ESQ.
sbaena@bilzin.com
eservice@bilzin.com
lflores@bilzin.com
abeck@bilzin.com
*Counsel for Defendants, The President and Fellows of Harvard College; The Regents of the University of Michigan; The Trustees of Princeton University; The Washington University in St. Louis; Yale University; Yale University Retiree Health Benefits Coverage Trust; Yale University Retirement Plan for Staff Employees* (**"Bilzin Defendants"**)

CHARLES W. THROCKMORTON, ESQ.
cwt@kttlaw.com
lf@kttlaw.com
la@kttlaw.com
*Counsel for Edward R. Ginn III; Edward R. Ginn III Revocable Trust Dated Sept. 14, 2002; ERM Management, LLC;* and *ERG Enterprises, L.P.* (**"Ginn Defendants"**)

LYNN F. CHANDLER, ESQ.
JONATHAN P. HEYL, ESQ.
JEFFREY P. MACHARG, ESQ.
lynn.chandler@smithmoorelaw.com
johanne.bloom@smithmoorelaw.com
devire.robinson@smithmoorelaw.com
jeff.macharg@smithmoorelaw.com
jon.heyl@smithmoorelaw.com
*Counsel for Ginn Defendants*

ROBERT N GILBERT, ESQ.
rgilbert@carltonfields.com,
kdemar@carltonfields.com
*Counsel for Defendant, Credit Suisse, Cayman Islands Branch*

HAROLD D MOOREFIELD JR., ESQ.
hmoorefield@swmwas.com
cgraver@swmwas.com
rross@swmwas.com
larrazola@swmwas.com
mmesones-mori@stearnsweaver.com
*Counsel for Plaintiff, Drew M. Dillworth*

PAUL STEVEN SINGERMAN, ESQ.
singerman@bergersingerman.com
efile@bergersingerman.com
*Counsel for Defendants, Lubert-Adler Management Co.,L.P., Lubert-Adler Real Estate Fund III, L.P., Lubert-Adler Real Estate Parallel Fund III, L.P., Lubert-Adler Capital Real Estate Fund III, L.P., Lubert-Adler Real Estate Fund IV, L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P., and Lubert-Adler Capital Real Estate Fund IV, L.P.; Lubert-Adler Group III, L.P.; Lubert-Adler Group IV, L.P; Dean Adler; Ira Lubert* (**"Lubert-Adler Defendants"**)

ALLAN E WULBERN, ESQ.
awulbern@smithhulsey.com
kgammill@smithhulsey.com
*Counsel for the limited partners in the Lubert-Adler Real Estate Fund III, L.P., Lubert-Adler Real Estate Parallel Fund III, L.P., Lubert- Adler Real Estate Fund IV, L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P. and Lubert- Adler Capital Real Estate Fund IV, L.P.* (**"Limited Partners"**)

**The following parties were served by First Class Mail (postage prepaid) and courtesy e-mail:**

STEPHEN B. BUSEY, ESQ.
busey@smithhulsey.com
JAMES A. BOLLING, ESQ.
jbolling@smithhulsey.com
**SMITH HULSEY & BUSEY**
225 Water Street, Suite 1800
Jacksonville, FL 32202
Telephone:     (904) 359-7700
Facsimile:      (904) 359-7708
*Counsel for Limited Partners*

WILLIAM A. HARVEY, ESQ.
wharvey@klehr.com
RONA J. ROSEN, ESQ.
rrosen@klehr.com
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone:     (215) 568-6060
Facsimile:      (215) 568-6603
*Counsel for Lubert-Adler Defendants*

MICHEL O. WEISZ, ESQ.
mweisz@bergersingerman.com
**BERGER SINGERMAN, P.A.**
200 Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone:     (305) 755-9500
Facsimile:      (305) 714-4340
*Counsel for Lubert-Adler Defendants*

JAY M. SAKALO, ESQ.
jsakalo@bilzin.com
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131-5340
Telephone:     (305) 350-2403
Facsimile:      (305) 351-2203
*Counsel for Bilzin Defendants*

SALLY MCDONALD HENRY, ESQ.
Sally.Henry@Skadden.com
DONALD D. LEWIS, ESQ.
Donald.Lewis@Skadden.com
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Four Times Square
New York, NY 10036-6522
Telephone:     (212) 735-2560
Facsimile:      (917) 777-2560
*Counsel for Credit Suisse AG, Cayman Islands Branch;* and *Credit Suisse Securities (USA) LLC*

D. ROSS MARTIN, ESQ.
ross.martin@ropesgray.com
PETER L. WELSH, ESQ.
peter.welsh@ropesgray.com
ALISON E. McLAUGHLIN, ESQ.
Alison.McLaughlin@ropesgray.com
PATRICIA I. CHEN, ESQ.
Patricia.Chen@ropesgray.com
**ROPES & GRAY LLP**
800 Boylston Street
Boston, MA 02199
Telephone:     (617) 951-7000
Facsimile:      (617) 951-7050
*Counsel for Bilzin Defendants*

KEITH H. WOFFORD, ESQ.
keith.wofford@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone:     (212) 596-9000
Facsimile:      (212) 596-9090
*Counsel for Bilzin Defendants*

**The following party was served by U.S. Mail:**

**Harvard Private Capital Realty, Inc.**
600 Atlantic Avenue, 15th Floor
Boston, MA 02210-2203