UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>GINN-LA ST. LUCIE LTD., LLLP,  *et al.*,<br><br>Debtors. | : **CASE NO. 08-29769(PGH)**<br>: All Cases Jointly Administered<br>:<br>:<br>: |
| In re:<br>GINN-LA QUAIL WEST., LTD, LLLP, *et al.*,<br><br>Debtors. | :<br>: ·Chapter 7<br>:<br>:<br>: |
| DREW M. DILLWORTH, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD R. GINN III, *et al.*,<br><br>Defendants. | : **ADV. PRO. NO. 10-02976-PGH**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**UNSWORN DECLARATION OF STUART MARGULIES PURSUANT TO 28
U.S.C. § 1746 IN SUPPORT OF THE LUBERT-ADER DEFENDANTS' MOTION
TO DISMISS THE FOURTH AMENDED COMPLAINT**

I, Stuart Margulies, of full age, hereby depose and state as follows:

1.      I am an adult over the age of eighteen and am a citizen and resident of the

Commonwealth of Pennsylvania.

2.      The facts set forth herein are personally known to me to be true and

correct and, if called as a witness, I could competently testify thereto.

3.      I am a Vice President of Lubert Adler Group IV, LLC, the general partner

of Lubert-Adler Group IV L.P., the general partner of Lubert-Adler Real Estate Fund IV,

L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P., and Lubert-Adler Capital Real Estate Fund, L.P., and of Lubert Adler Group III, LLC, the general partner of Lubert Adler Group III L.P., the general partner of Lubert-Adler Real Estate Fund III, L.P., Lubert-Adler Real Estate Parallel Fund III, L.P., and Lubert-Adler Capital Real Estate Fund III, L.P..

4.      I am authorized to submit this Verification on behalf of the Lubert Adler Defendants in connection with their Motion to Dismiss the Trustee's Fourth Amended Complaint (the "Motion").

5.      Attached hereto as Exhibit 1 is a true and correct copy of the Second Amended and Restated Agreement of Limited Partnership of Ginn-LA St. Lucie Ltd., LLLP (without exhibits).

6.      Attached hereto as Exhibit 2 is a true and correct copy of the Amended and Restated Agreement of Limited Partnership of Ginn-LA Quail West Ltd. LLLP (without exhibits).

7.      Attached hereto as Exhibit 3 is a true and correct copy of the Ginn-St. Lucie GP, LLC Joint Unanimous Written Consent of Sole Member and Sole Manager (without exhibits).

8.      Attached hereto as Exhibit 4 is a true and correct copy of Ginn-Quail West GP, LLC Joint Unanimous Written Consent of Sole Member and Sole Manager (without exhibits).

9.      Attached hereto as Exhibit 5 is a true and correct copy of Ginn-LA St. Lucie Ltd., LLLP Written Consent of the Partners (without exhibits).

10.      Attached hereto as Exhibit 6 is a true and correct copy of Ginn-LA Quail

2

PHIL1 1653471-3

West Ltd., LLLP Written Consent of the Partners (without exhibits).

11.    Attached hereto as Exhibit 7 is a true and correct copy of The Tesoro Club, LLC Joint Unanimous Written Consent of Sole Member and Sole Manager (without exhibits).

12.    Attached hereto as Exhibit 8 is a true and correct copy of Tesoro Golf Club Condominium, LLC Joint Unanimous Written Consent of Sole Member and Sole Manager (without exhibits).

13.    Attached hereto as Exhibit 9 is a true and correct copy of Ginn Quail West Beach, LLC Joint Unanimous Written Consent of Sole Member and Sole Manager (without exhibits).

14.    In connection with the June 8, 2006 closing of the Credit Suisse Transaction, the following disbursements were made on account of Tesoro pre-closing debt:

a.    $6,650,256.66 to Wachovia Bank (the "Wachovia Debt"). Lubert-Adler Real Estate Fund, III, L.P. was the only Lubert-Adler Defendant which had executed a guarantee relating to the Wachovia Debt, and that guaranty was in the amount of $3,300,000. A true and correct copy of the guaranty relating to the Wachovia Debt is attached hereto as Exhibit 10.

b.    $24,421,744.89 to R-C Crown Bank (the "RCC Debt"). Lubert-Adler Real Estate Fund, III, L.P. was the only Lubert-Adler Defendant which had executed a guaranty related to the RCC Debt. A true and correct

3

PHIL1 1653471-3

copy of the guaranty related to the RCC Debt is attached hereto as Exhibit 11.

15.     In other words, as to the pre-closing Tesoro debt, the only Lubert-Adler Defendant that had executed guaranties was Lubert-Adler Real Estate Fund III, L.P., and that guaranty was limited in nature.

16.     In connection with the June 8, 2006 closing of the Credit Suisse Transaction, the following disbursements were made on account of Quail West pre-closing debt:

a.     $5,898,254.66 to FBT Illinois (the "FBT First Debt"). Lubert-Adler Real Estate Fund III, L.P., Lubert-Adler Real Estate Parallel Fund III, L.P., Lubert-Adler Capital Real Estate Fund III, L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P., Lubert-Adler Real Estate Fund IV, L.P., and Lubert-Adler Capital Real Estate Fund IV, L.P. executed a guaranty in the amount of $3,250,000. A true and correct copy of the guaranty relating to the FBT First Debt is attached hereto as Exhibit 12.

b.     $15,380,774.89 to FBT Illinois (the "FBT Second Debt"). Lubert-Adler Real Estate Fund, IV, L.P., Lubert-Adler Real Estate Parallel Fund, IV, L.P., and Lubert-Adler Capital Real Estate Fund, IV, L.P. (collectively the "L-A Fund IV Entities") were the only Lubert-Adler Defendants which had executed a guaranty in connection with the FBT Second Debt. A true and correct copy of

4

the guaranty relating to the FBT Second Debt is attached hereto as Exhibit 13.

    c.    $29,545,678 to Quail West Ltd. (the "QW Ltd. Debt"). None of the L-A Defendants had executed any guarantees in connection with this debt.

17.    In other words, as to the pre-closing Quail West debt, the Lubert-Adler Fund III and IV Entities executed guaranties for far less than half the amount of the pre-closing Quail West Debt.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2011

_____
Stuart Margulies

PHIL1 1653471-3