# EXHIBIT A

## Secretary of State
### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

```
CONTROL NUMBER : 0044689
EFFECTIVE DATE: 10/06/2000
JURISDICTION  : GEORGIA
REFERENCE     : 0045
PRINT DATE    : 10/06/2000
FORM NUMBER   : 356
```

MORRIS, MANNING & MARTIN
JUDITH A. NAVE
3343 PEACHTREE RD, NE, STE 1600
ATLANTA, GA  30326

### CERTIFICATE OF ORGANIZATION

I, Cathy Cox, the Secretary of State of the State of Georgia, do hereby certify under the seal of my office that

**GINN-ST. LUCIE GP, LLC**
**A GEORGIA LIMITED LIABILITY COMPANY**

has been duly organized under the laws of the State of Georgia on the effective date stated above by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on the date set forth above.

Cathy Cox
Secretary of State

MMMTQW01_008319

## ARTICLES OF ORGANIZATION

## OF GINN-ST. LUCIE GP, LLC

I.

NAME. The name of the Limited Liability Company is Ginn-St. Lucie GP, LLC (hereinafter the "Company").

II.

MANAGEMENT. The management of the Company is vested in one or more Managers.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Organization, this 5TH day of OCTOBER, 2000.

_____
Charles R. Beaudrot, Jr., as Organizer

#711123 v1 - Ginn/St. Lucie LLC/Articles

MMMTQW01_008320

# OPERATING AGREEMENT
# OF
# GINN-ST. LUCIE GP, LLC

THIS OPERATING AGREEMENT of Ginn-St. Lucie GP, LLC (the "Company") is made and entered into as of the 6th day of October, 2000, by the person who has executed this Operating Agreement (hereinafter referred to as the "Operating Agreement") as the sole Member.

### I.

The Company has been organized as a Georgia limited liability company by the filing of its Articles of Organization with the Secretary of State of Georgia under and pursuant to the Georgia Limited Liability Company Act, as amended from time to time (the "Act"). This Operating Agreement shall be effective as of the time and date of such filing of the Company's Articles of Organization. The name of the Company is Ginn-St. Lucie GP, LLC, and all Company business shall be conducted in such name unless otherwise determined by the Manager.

### II.

The member (the "Member") of the Company is Edward R. Ginn, III, who was admitted to the Company as a Member contemporaneously with the execution and filing of the Company's Articles of Organization under and pursuant to the Act. The Member has contributed $100.00 to the Company as his initial capital contribution. The Member shall have no obligation to make additional capital contributions. No other person or entity shall be admitted as an additional member of the Company without the consent of the Member.

### III.

The purpose of the Company shall be to engage in any and all lawful business permitted by the Act.

### IV.

The business and affairs of the Company shall be managed by its Manager who shall be appointed by and serve at the sole discretion of the Member. Except for situations in which the approval of the Member is expressly required by the Operating Agreement or by nonwaivable provisions of applicable law (including the Act), the Manager, so long as he continues to serve, shall have full and complete authority, power, and discretion to manage and control the business, affairs, and properties of the Company, to make all decisions regarding those matters, and to perform any and all other acts or activities customary or incident to the management of the Company's business. In the event that the Company has more than one manager, all actions and decisions of the managers shall require the approval of a majority of the managers. Once so approved, any one manager may be authorized to implement any such actions or decisions. The initial Manager of the Company shall be Edward R. Ginn, III, who agrees to be bound by the provisions of this Operating Agreement and the Act by his execution of this Operating Agreement.

## V.

The Manager may appoint such officers ("Officers") of the Company as he shall determine (but shall not be required to do so), and the Officers shall have such powers and duties as shall be delegated to them by the Manager.

## VI.

Until such time as this Operating Agreement is amended, modified, and/or superseded, and except as specifically provided otherwise herein, the Company shall be governed by the provisions of the Act and any successor statute, and any capitalized term not defined herein shall have the meaning ascribed to it in the Act.

IN WITNESS WHEREOF, the Member, intending to be legally bound and to bind the Company, has executed this Operating Agreement as of the date first set forth above.

MEMBER:

_____
Edward R. Ginn, III, Member